EDWARD R. AMES, Appellant, *v.* GEORGE H. DURYEA et al.,
Respondents.

(Argued May 13, 1874; decided September term, 1874.)

THIS was an appeal from a judgment of General Term,
affirming a decree of the surrogate of Chautauqua county
admitting to probate the will of Emma L. Ames, wife of
appellant.

In 1862 the appellant, then about nineteen years old, was
appointed a second lieutenant in the army from the State of

Indiana. At the time of his appointment he was in Baltimore. His father kept house in Indianapolis up to 1863 (how long prior does not appear). He then went to Baltimore and thereafter to Salt Lake City. In 1867 appellant married the testatrix at Gainsville, Florida. Her residence was in New York city where she was born. She came to New York soon after her marriage, on a visit, and then executed the will in question. The appellant, after his appointment as aforesaid, remained in the service on active duty at different places in the United States where he was ordered, and has not visited Indiana except at distant and for brief periods. In May, 1869, he was appointed Indian agent for the State of New York, which appointment, by permission of the secretary of war, he accepted and was located at Dunkirk, New York, to which place he went in June of that year. In November, 1869, the testatrix died at Dunkirk, leaving an infant child six days old. The appellant opposed the probate of the will, claiming that his domicile and that of his wife at her death was that of his father when he entered the service, i. e., in Indiana, and that by the law of that State the subsequent birth of legitimate issue after the execution of a will, for whom no provision is made in the will, revokes the will. *Held* (DWIGHT and GRAY, CC., dissenting), that the burden of proof was upon the appellant to show that the testatrix was domiciled in Indiana; that the proof was insufficient to show this satisfactorily, and that the will was properly admitted to probate.

*A. Hazeltine* for the appellant.

*J. S. Carpenter* for the respondents.

EARL, C., reads for affirmance; LOTT, Ch. C., and REYNOLDS, C., concur.

DWIGHT, C., reads for reversal. GRAY, C., does not concur with EARL.

Judgment affirmed.